# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

**AHOLUSI PILLOW,** *Individually, and on behalf of himself and others similarly situated,*

 Plaintiff,

v.

No._____

**WELLMED MEDICAL MANAGEMENT, INC.,**

Defendant,

**FLSA Collective Action**
**JURY DEMANDED**

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Aholusi Pillow ("Plaintiff"), individually, and on behalf of the proposed collective action, brings this collective action against Wellmed Medical Management, Inc. ("Defendant") and alleges as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated hourly-paid employees.

2. Plaintiff alleges that, at all times material herein, he and other similarly situated hourly-paid employees worked "off the clock" at the direction, expectation and inducement of Defendant. However, Defendant failed to compensate them at the FLSA overtime rate of pay as well as failed to include non-discretionary bonuses they received periodically, in

1

order to save money, stay within or below its projected and budgeted labor cost and increase its profits.

## II.　JURISDICTION AND VENUE

3. Jurisdiction over Plaintiffs' FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendant to perform work in this District at all times relevant to this action. In addition, Defendant regularly conducted and continues to conduct business in this District and has engaged and continues to engage in wrongful conduct alleged herein in this District during all times material to this cause of action.

## III.　CLASS DESCRIPTION

5. Plaintiff brings this action on behalf of the following similarly situated persons:

    All hourly-paid employees who worked for Defendant within the state of Tennessee for at least one weekly pay period consisting of at least forty (40) hours during the three (3) years preceding the filing of this Complaint, up to and including the present. (Collectively, "the class").

## IV.　PARTIES

6. Defendant, Wellmed Medical Management, Inc., is a Texas Corporation with its principal address located at 9900 Bren Road East, Minnetonka, Minnesota 55343. Defendant's registered agent for process is CT Corporation System, 199 Bryan Street (Suite 900), Dallas, TX 75201-3136.

7. Plaintiff Pillow was employed by Defendant as an hourly-paid employee within this District during all relevant periods of time. (Plaintiff Pillow's Consent to Join this Collective Action is attached hereto as *Exhibit A*.)

## V. ALLEGATIONS

8. Defendant processes medical claims and provides other services related to Medicare coverage in Texas, Florida, New Mexico and other states in the U.S.

9. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times material to this Collective Action Complaint.

10. Plaintiff and all other similarly situated persons are current or former hourly-paid employees of Defendant who worked work remotely for Defendant throughout the United States during all times material to this action.

11. Defendant employed Plaintiff and those similarly situated.

12. Plaintiff and those similarly situated have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and, performed work duties for Defendant within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

13. At all times relevant, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

14. At all times relevant, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

15. When the hereinafter-described unpaid "off the clock" and "edited-out" work time of Plaintiff and others similarly situated is added to their recorded time, they performed work in excess of forty (40) hours per week within weekly pay periods during all times material to this cause of action.

16. Defendant employed a centralized electronic time keeping system for tracking and reporting work hours of Plaintiff and those similarly situated, which system required Plaintiff and those similarly situated to "clock-in" remotely on their respective computers at the beginning of their assigned shifts and "clock-out" at the ending of their assigned shifts. (However, they were not able to so "clock-in" to Defendant's time-keeping system until their work-related computers were "booted-up" and properly functioning.)

17. Defendant has had a common plan, policy and de facto practice of requiring, inducing, expecting and/or, suffering and permitting, Plaintiff and those similarly situated to work "off the clock" in excess of 40 hours per week without compensating them at the required FLSA overtime rate of pay for such time.

18. Defendant either "edited-out" or "failed to record" all of the "off the clock" overtime of Plaintiff and those similarly situated.

19. As a result of such "failure to record" or "edit-out" compensable overtime hours of Plaintiff and those similarly situated, they did not receive the FLSA required overtime compensation due them within weekly pay periods during all times material to this collective action.

20. Plaintiff and those similarly situated performed work "off the clock" within weekly pay periods during all times material in the following ways, *inter alia*:

    (a) in "booting-up" their respective work-related computers and attending to any technical issues related to such computers before activating Defendant's processing system, at which point their work time began being recorded into Defendant's time keeping system:

4

(b) in "booting-down" their respective work-related computers and attending to any technical issues related to such computers after Defendant's processing system was deactivated:

(c) in being required to be in the presence of their work-related computers during their assigned shifts and "wait" while Defendant's processing system was deactivated due to malfunctioning, technical difficulties and/or other "anomalies" - until such processing system was re-activated:

(d) in receiving work-related "online" training and performing work-related tasks during their shifts while Defendant's processing system was deactivated due to malfunctioning, technical difficulties and/or other "anomalies" until such processing system was re-activated.:

(e) in "making-up" time on their "off-duty" days for the time during which Defendant's processing system was deactivated due to malfunctioning, technical difficulties and/or other "anomalies" during their assigned shifts; and

21. Defendant also failed to record non-discretionary bonuses into Plaintiff's and those similarly situated's overtime rates of pay

22. Defendant had actual knowledge of Plaintiff and those similarly situated of performing such "off the clock" and "edited-out" compensable work time within weekly pay periods during all times material to this action.

23. As a consequence, Plaintiff and those similarly situated were not paid all overtime compensation in weeks in which they worked in excess of forty (40) hours during all times material to this Complaint.

24. Defendant also had actual as well as constructive knowledge of its failure to pay overtime

compensation related to non-discretionary bonuses received by Plaintiff and those similarly situated in weeks in which they worked more than 40 hours.

25. Nonetheless, Defendant took no action to rectify its failure to pay Plaintiff and those similarly situated all the overtime compensation due them.

26. Defendant willfully failed to compensate Plaintiff and those similarly situated at the applicable overtime rates of pay as required by the Act.

27. Defendant's failure to compensate Plaintiff and those similarly situated for all the overtime compensation due them was without a good faith basis.

28. Defendant's conduct in failing to compensate Plaintiff and those similarly situated for all the overtime compensation due them was in reckless disregard to the overtime requirements of the FLSA.

29. As a result of Defendant's willful and lack of a good faith basis in failing to pay Plaintiff and those similarly situated in compliance with the overtime requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation, as well as other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other damages owed.

31. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a centralized time keeping system that resulted in a failure to pay Plaintiff and class members for all the overtime compensation due them, as required by the FLSA. They are also similarly situated because Defendant failed to fact in

6

non-discretionary bonuses into the overtime rate for Plaintiff and class members.

32. Plaintiff and class members also are "similarly situated" in that Defendant engaged in a common plan, de facto policy and practice of subjecting them to perform overtime work without being compensated for such work, and in receiving non-discretionary bonuses without being paid overtime compensation related to such bonuses.

33. In addition, this lawsuit is properly maintained as an FLSA collective action because the unpaid overtime compensation claims of Plaintiff and those similarly situated are unified by common theories of Defendant's FLSA violations.

34. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime compensation requirements that, in turn, has caused significant damage to Plaintiff and class members.

35. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for unpaid overtime compensation.

36. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

37. Plaintiff estimates there are several hundred members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

38. Considering the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice

in all of Defendant's facilities.

39. Plaintiff and Class Members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, timekeeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

40. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

41. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

42. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a) at all times material.

43. At all times material, Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

44. Plaintiff and class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all times material.

45. Defendant had a common plan, policy and practice of failing to pay Plaintiff and class members for all the "off the clock" overtime they performed within weekly pay periods during all times material, as previously described.

46. Through its actions, policies, practices and plans, as previously described, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all their overtime hours.

47. The foregoing conduct of Defendant violated the FLSA.

48. Defendant's conduct was willful with reckless disregard to the overtime provisions of the FLSA.

49. Defendant does not have a good faith basis for its conduct related to these claims.

50. The claims of Plaintiff and class members are unified by common theories of Defendant's FLSA violations.

51. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

52. Therefore, Defendant is liable to Plaintiff and class members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and Class Members all unpaid overtime wages at the applicable overtime rate of pay against Defendant;

b) Find and declare that Defendant's violations of the FLSA were willful and, accordingly, apply the three (3) year statute of limitations under the FLSA to this action;

c) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29

U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and Class Members may be entitled; and

k) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

Dated: July 25, 2022

Respectfully submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN AND BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES***